# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHARLES LEWIS DODSON,**

    **Plaintiff,**

                                                    Civil Action 2:11-cv-164
    v.                                              Judge Michael H. Watson
                                                  Magistrate Judge E.A. Preston Deavers

**WARDEN EDWARD BANKS,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

       Plaintiff, Charles Lewis Dodson, an Ohio inmate who is proceeding *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants Noble Correctional Institution ("NCI") Warden Edward Banks and NCI Health Care Administrator Vanessa Sawyer.[1] Plaintiff also named as Defendants Wexford Health Sources, Inc.; Wexford Health Services Administrator Sara Seeburger; and Wexford employees at Noble Correctional Institute (collectively, the "Wexford Defendants"); as well as "all unknown others," including unspecified administrative and medical staff. He seeks monetary and injunctive relief. Plaintiff asserts that Defendants utilized cruel and unusual punishment and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. This matter is before the Court for consideration of Wexford Defendants' Motion to Dismiss pursuant to Federal Rules of Civil

---

[1] Defendants Banks and Sawyer filed an Answer to the Complaint and are not movants for the instant motion.

Procedure 12(b)(6) and 12(b)(5). For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. (ECF No. 7.)

## I. BACKGROUND

Plaintiff is presently incarcerated at NCI in Caldwell, Ohio. According to Plaintiff as set forth in his Complaint, he suffers from complications resulting from a broken left cheekbone. Plaintiff alleges that prison and medical officials did not adequately treat his cheekbone when he broke it some years ago. Plaintiff alleges that the medical staff set his cheekbone incorrectly. His complications worsened in 2010, causing sinus trouble, headaches, dizzy spells, and possible inner ear trouble. Plaintiff alleges that his symptoms "escalated" in 2010 as a result of a reduction and eventual cessation of his prescription medication. (Compl. 5, ECF No. 3.) On October 15, 2010, Plaintiff presented his symptoms to the nurse's sick call. A doctor did not treat Plaintiff or prescribe him the medication he desired. Instead, a nurse provided Plaintiff with over-the-counter ("OTC") medication, and charged him a co-pay fee for ongoing care. Plaintiff asserts that he has been denied medical care because of "budget cut backs" and that a doctor should have prescribed him medication. (*Id.*) He further maintains that instead of a nurse, he should have seen a doctor and that he should not be charged for these visits, which he characterizes as "chronic" care. (Pl.'s Mem. In Opp. 2, ECF No. 9.) Plaintiff does not allege that NCI consistently denies him access to a doctor; nor does he allege any other specific instances in which he was in need of medical attention but denied care.

On February 24, 2011, Plaintiff filed his Complaint. Plaintiff asserts that Defendants' denial of full and proper medical care amounted to cruel and unusual punishment and deliberate indifference. (Compl. 5, ECF No. 3.) Plaintiff seeks damages for pain and suffering, punitive damages, and an injunction compelling "full care - even repair surgery or treatment." (*Id.* at 6.)

On April 15, 2011, the Wexford Defendants filed the subject Motion to Dismiss. (ECF No. 7.) The Wexford Defendants assert that they are entitled to judgment under Rules 12(b)(6) and 12(b)(5) because Plaintiff has failed to state a claim, never properly effected service and did not exhaust his administrative remedies.

Plaintiff counters that he did sufficiently exhaust his administrative remedies. He explains that his grievances have consistently stated his inability to see a doctor and his disagreement that his condition is such that he should not have to pay for his care. He also emphasizes that the care he received was not adequate. Plaintiff contends that his claim is properly filed under 42 U.S.C. § 1983 and that Defendants' motion is "pre-mature" because his incarceration makes it difficult to perform discovery. (Pl.'s Opp. 4, ECF No. 9.) Plaintiff also posits that through discovery, he could specify whom he intends to sue under his "all unknown others" category. (*Id*. at 3.) Finally, Plaintiff represents that, if given more time, he can obtain testing from a medical professional to support his allegations.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial

3

plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1949.

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

As set forth above, the Wexford Defendants advance three alternative bases for dismissal. First, they contend that Plaintiff's complaint fails to state a claim upon which relief can be granted. Second, they assert that dismissal is appropriate because Plaintiff failed to properly effect service. Finally, the Wexford Defendants contend that Plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"). Because the undersigned concludes that Plaintiff has failed to state an Eighth Amendment claim, it is unnecessary to consider Defendants' alternative arguments in favor of dismissal.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference

4

toward [his] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:
>
> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Here, Plaintiff's allegations fail to sufficiently plead both the objective and the subjective components of an Eighth Amendment deliberate indifference claim. Although Plaintiff's failure to sufficiently plead one of these components is dispositive, the undersigned nonetheless

5

addresses both components for the sake of completeness.

A.      **Objective Component**

Plaintiff fails to allege a sufficiently serious medical need that satisfies the objective component of a deliberate indifference claim. Plaintiff's disagreement with a medical practitioner's decision to discontinue his prescription medication does not amount to an Eighth Amendment claim. *See Apanovitch*, 32 F. App'x at 707. Defendant's classification of Plaintiff's condition as non-chronic such that he must pay for his OTC medication fails to satisfy the objective component. Although a prison must provide its inmates with adequate medical care, this care does not necessarily have to be free of charge. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'"). Here, Plaintiff has not alleged that he is unable to pay for his OTC medication. Plaintiff's contention that he should have been examined by a doctor instead of a nurse on October 15, 2010 likewise fails to meet the objective requirement because he has failed to allege circumstances suggesting an objective need for a doctor on that date. As set forth above, Plaintiff sought medical attention for discomforts such as sinus trouble, headaches, dizzy spells, and possible inner ear trouble. These symptoms do not evidence an obvious immediate need for a doctor rather than a nurse. Finally, Plaintiff has failed to offer verifying medical evidence demonstrating that his delay in seeing a doctor cause serious medical injury.

B.      **Subjective Component**

Plaintiff likewise fails to allege facts sufficient to establish the subjective component of a deliberate indifference claim. Indeed, Plaintiff's complaint is self-defeating in this regard. Plaintiff does not allege that Defendants perceived a "substantial risk" to his health, nor does he

6

allege that Defendants "disregarded that risk." *Comstock*, 273 F.3d at 703. Rather, Plaintiff simply alleges that he received "inadequate care" due to "budget cut backs." (Compl. 5, ECF No. 3.) Therefore, it is clear that even Plaintiff does not believe that his nurse and other officials "subjectively perceived a risk of harm and then disregarded it." *See Comstock*, 273 F.3d at 703. Moreover, Plaintiff's allegations that Defendants denied him medical care are belied by his allegations that he presented his symptoms to a nurse.

## IV. MOTION TO STRIKE

After the Wexford Defendants filed their Reply, Plaintiff filed a "Rebuttal Memorandum." The Wexford Defendants moved to strike the document as inconsistent with the Court's Local Rules, which prohibit such filings without leave of Court upon a showing of good cause. S. D. Ohio Civ. R. 7.2(a)(2). The Court has reviewed the memorandum and concludes that nothing contained therein alters the analysis set forth above. Accordingly, Defendants' Motion to Strike is **DENIED AS MOOT**. (ECF No. 12.)

## IV. CONCLUSION

For the reasons state above, Defendants' Motion to Strike is **DENIED AS MOOT**. (ECF No. 12.) Further, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 7) be **GRANTED** such that Plaintiff's claims against Wexford Defendants are **DISMISSED WITH PREJUDICE**. (ECF No. 7.)

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 1, 2011                                                /s/ *Elizabeth A. Preston Deavers*
                                                                                              Elizabeth A. Preston Deavers
                                                                                              United States Magistrate Judge