UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES LEWIS DODSON,**

    **Plaintiff,**

                                                    Civil Action 2:11-cv-164
    **v.**                                             Judge Michael H. Watson
                                                 Magistrate Judge Elizabeth P. Deavers

**WARDEN EDWARD BANKS,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Charles Lewis Dodson, an Ohio inmate who is proceeding *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants Noble Correctional Institution ("NCI") Warden Edward Banks and NCI Health Care Administrator Vanessa Sawyer. Plaintiff also named as Defendants Wexford Health Sources, Inc.; Wexford Health Services Administrator Sara Seeburger; and Wexford employees at Noble Correctional Institute (collectively, the "Wexford Defendants"). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The Court previously granted the Wexford Defendants' Motion to Dismiss such that only Defendants Banks and Sawyer remain. (ECF No. 15.) This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants Banks and Sawyer's unopposed Motion for Judgment on the Pleadings. (ECF No. 18.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**. (ECF No. 18.)

In their Motion for Judgment on the Pleadings, Defendants Banks and Sawyer assert that they are entitled to judgment under Federal Rule of Civil Procedure 12(c) because Plaintiff has failed to plead an Eighth Amendment medical indifference claim.  Defendants' Motion simply parrots the analysis set in the December 1, 2011 Report and Recommendation.  In that Report and Recommendation, the Undersigned analyzed the allegations set forth in the Complaint and recommended that the Court grant the Wexford Defendants' Motion to Dismiss on the grounds that Plaintiff had failed to state an Eighth Amendment deliberate indifference claim.  (ECF No. 13.)  On December 29, 2011, the Court adopted the December 1, 2011 Report and Recommendation.  (ECF No. 15.)  Defendants alternatively posit that they are entitled to judgment under 12(c) because Plaintiff failed to allege that they were personally involved in his medical treatment.

The Undersigned agrees that Defendants Banks and Sawyer are entitled to judgment under Rule 12(c) because Plaintiff has failed to sufficiently plead an Eighth Amendment medical indifference claim.  As set forth above, the Undersigned analyzed this very issue in the December 1, 2011 Report and Recommendation, which is incorporated herein its entirety by reference.  Because Plaintiff has failed to state a an Eighth Amendment claim, it is unnecessary to consider the merits of Defendants' alternative argument in favor of dismissal.

In sum, for the reasons set forth in the December 1, 2011 Report and Recommendation (ECF No. 13), it is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED**.

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  January 17, 2013                         /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge